The defendant, C.K., appeals from a harassment protection order under G. L. c. 258E, arguing that the plaintiff, J.C., failed to demonstrate the three acts required to establish either civil or criminal harassment. We affirm the harassment protection order.
Background.[1] The plaintiff and the defendant worked together for several years at a company in the Boston area. The two developed a relationship that became close and eventually sexual; it continued after the defendant became the plaintiff's boss. Both the plaintiff and the defendant were married to others, and their relationship was not known inside the company. In June of 2016 a manager witnessed the defendant touching the plaintiff inappropriately, which resulted in a meeting between the defendant and the manager at which the defendant made derogatory remarks about the management of the company. The defendant was fired in June of 2016.
Around the time of his termination the defendant made statements to the plaintiff that caused the plaintiff to be concerned that the defendant blamed her for the termination. Thereafter, the parties did not have further in-person contact. However, the plaintiff testified to an escalating series of actions by the defendant, posttermination. The defendant initiated an electronic mail message (e-mail) exchange with the plaintiff in July of 2016 that ended with the plaintiff stating: "If you need to contact me for a job reference, please contact me via the [company] account. Please stop sending any other emails to this account."
After the July of 2016 e-mail, the parties had essentially no further contact for approximately three months, until October, 2016. Thereafter the plaintiff testified to the following events:
(1) On October 23, 2016, the defendant drove past the plaintiff's home while she was standing outside with her son. The plaintiff recognized the defendant's car, as well as the jacket he was wearing. The plaintiff lives in a residential neighborhood and the defendant had never previously been to her home. The plaintiff told both her husband and a coworker (the company's office manager) about this event, which disturbed her.
(2) On November 7, 2016, the defendant waited in the parking lot at the plaintiff's work place and then followed her in his car as she went to pick up her son at day care. When the plaintiff stopped at the day care to pick up her son, the defendant drove past her about seventy-five feet, stopped his car, and "glared" at her. The plaintiff was fearful as a result, and again told both her husband and the coworker about this event.
(3) The next morning, November 8, 2016, the defendant waited for the plaintiff in his car outside the son's day care. When the plaintiff arrived, the defendant "just glared at [her]"; he made "no friendly motions." The plaintiff felt that the defendant was trying to scare her, and she was "terrified." She telephoned the police, who arrived and spoke to the defendant. A police report concerning the event was admitted in evidence.
Eventually, on April 13, 2017, the plaintiff sought the harassment prevention order that is the subject of this appeal. The plaintiff's complaint alleged several other events, in addition to the three events detailed above. A temporary harassment prevention order issued on that date, and thereafter an evidentiary hearing was held on May 18, 2017, and a judge extended the order for one year.[2]
Discussion. The legal framework for c. 258E orders has been described before in our case law. See, e.g., A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 274-275 (2017). Under c. 258E, § 1, "harassment" is defined in several ways. Here we need not pause to analyze the facts under definition (i) of harassment because in our view the plaintiff's proof satisfied definition (ii) B, which defines "harassment" to include violations of several Massachusetts criminal laws. Here, the plaintiff established "criminal harassment" under G. L. c. 265, § 43A.
Chapter 265, § 43A, states in relevant part:
"(a ) Whoever willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of criminal harassment."
Under the case law, the element of a knowing "pattern of conduct or series of acts," id., requires the Commonwealth to prove three or more incidents of harassment, similar to the "3 or more acts" required of definition (i) of harassment in c. 258E, § 1. Compare Commonwealth v. Welch, 444 Mass. 80, 89 (2005) (interpreting G. L. c. 265, § 43A, to require three or more incidents), with G. L. c. 258E, § 1 (under definition [i], "harassment" requires three or more acts). Here the defendant's principal argument is that the plaintiff failed to show three acts. The November 7 and November 8 events involving the son's day care are two qualifying acts, and the defendant conceded as much. But the defendant argues that there is no qualifying third act; in particular, he concentrates his attention on challenging the evidence of the October 23, 2016, drive-by of the plaintiff's home.[3]
The defendant's challenge to the sufficiency of the October 23 event is unavailing. At the evidentiary hearing the plaintiff testified without equivocation that she saw the defendant drive by her home, and that she recognized both his distinct car and his jacket. The defendant's response is that in the prior, ex parte hearing on November 8, 2016 (see note 2, supra ), the plaintiff had been equivocal about whether she had seen the defendant on October 23, 2016, and had stated that she "wasn't completely sure." Such inconsistencies, however, are the stuff of cross-examination, and at the hearing on the instant harassment prevention order defense counsel cross-examined on exactly this point. On redirect the plaintiff offered explanations for why she was able to testify more certainly at the May, 2017, hearing than she had at the November, 2016, hearing. Any factual contest was for the judge to resolve, as the finder of fact who actually viewed the witnesses. See F.A.P. v. J.E.S, 87 Mass. App. Ct. 595, 601 (2015). The plaintiff's coworker testified that the plaintiff telephoned her and told her of the October 23 drive-by, thereby providing some corroboration as to that event. Certainly we cannot say, as the defendant appears to urge, that the evidence of the October 23 incident is insufficient as a matter of law.
Accordingly, there was sufficient evidence for the judge to find three separate acts directed by the defendant at the plaintiff. Under c. 265, § 43A, the remaining question is whether there was sufficient evidence that those acts "seriously alarm[ed]" the plaintiff, and were such that they "would cause a reasonable person to suffer substantial emotional distress." The evidence was sufficient here. The plaintiff by all accounts was seriously alarmed as of November 8, when the defendant waited at her child's day care for a second day, and the plaintiff then telephoned the police. This same evidence was also sufficient to cause a reasonable person to suffer substantial emotional distress. The defendant's behavior was objectively intimidating and irrational, where he openly shadowed the plaintiff and her young child, while not making contact. The fact that the plaintiff and the defendant had essentially no contact over the prior three months, from July to October of 2016, only added to the irrationality and alarming nature of the defendant's conduct.
Finally, the defendant seems to suggest that the statutory standard cannot be met because the plaintiff was not alarmed or distressed at the time of the October 23 drive-by, and only became alarmed after the subsequent events. The criminal harassment statute does not require, however, that each of the three required acts cause serious alarm and be such that a reasonable person would suffer substantial emotional distress; rather, the statute by its terms requires only that the "pattern of conduct" in total meet those standards. G. L. c. 265, § 43A (a ) (making unlawful a "pattern of conduct or series of acts ... which seriously alarms"). The Supreme Judicial Court so interpreted the similar language defining civil harassment in G. L. c. 258, § 1, holding that "the fact finder must look to the cumulative pattern of harassment, and need not find that each act in fact caused fear, intimidation, abuse, or damage to property." O'Brien v. Borowski, 461 Mass. 415, 426 n.8 (2012). Here there was more than sufficient evidence for the judge to find that the pattern of conduct met the standards of § 43A.
May 18, 2017, harassment prevention order affirmed.

The facts are taken from the evidence adduced at the evidentiary hearing, viewed in the light most favorable to the plaintiff. See A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015). The judge did not make separate findings of fact.

The plaintiff initially sought a harassment protection order ex parte on November 8, 2016, which was granted. At the extension hearing on November 22, the plaintiff decided to withdraw her request. She renewed her complaint in April of 2017, after additional occurrences increased her fears.

The defendant also challenges several other events alleged by the plaintiff. As we find the October 23 event qualifies as the third act, we need not address the sufficiency of the remaining alleged events.